IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN LAMAR JONES, RICKY DAVIS, and RANDIA LaSHAWN SMITH-JONES,<br><br>Defendants. | 1:12-cr-380-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [103] on Steven Lamar Jones's Motion to Suppress Evidence of Wire Communications [81] and Ricky Davis's Motion to Suppress Statements [57].

**I.   BACKGROUND**

Defendants Steven Lamar Jones ("Jones"), Ricky Davis ("Davis"), and Randria LaShawn Smith-Jones ("Smith-Jones") are charged with conspiring to possess with intent to distribute and attempting to possess with intent to distribute at least five (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a),

(b)(1)(A)(ii), and 846.

On October 25, 2012, Davis attempted to make a controlled buy of five kilograms of cocaine from undercover High Intensity Drug Trafficking Areas ("HIDTA") Task Force Officer Robert Keim ("Officer Keim"). Davis was subsequently arrested by uniformed Georgia State Patrol ("GSP") Troopers Doug Allen ("Trooper Allen") and Chris Matthews ("Trooper Matthews").[1] Davis was placed in handcuffs, searched for contraband, placed in the backseat of a patrol vehicle, and transported to the local GSP Post by Trooper Allen. Trooper Allen stated that Davis "seemed happy" and "real giggly" during the short drive, but did not appear to be under the influence of drugs or alcohol.

At the GSP Post, Davis was delivered to the custody of Drug Enforcement Administration Special Agent Marlon Moye ("Agent Moye") and HIDTA Task Force Officer Simon Byun ("Officer Byun"). Davis, after being re-handcuffed, was placed in another vehicle and transferred to the Atlanta HIDTA office. While in transit, officers advised Davis not to discuss the case during the drive, but to wait to discuss it with officers at the HIDTA office. Davis acknowledged this

---

[1] Trooper Allen and Trooper Matthews both had their service weapons drawn during the arrest. Trooper Allen testified that he and Trooper Matthews drew their weapons because they knew that drugs were involved in the investigation and that guns are often associated with drug transactions.

2

instruction by shrugging his shoulders and shaking his head in agreement.

When he arrived at the Atlanta HIDTA office, Agent Moye and Officer Byun transferred custody of Davis to HIDTA Task Force Officers Michael Hannan ("Officer Hannan") and Charles Cook ("Officer Cook").  Davis was placed in the booking room and his handcuffs were removed.  During the booking process, the officers asked Davis routine booking questions and engaged in some casual conversation.  At one point, Officer Hannan told Davis that his brother, co-defendant Jones, had been arrested and involved in an accident while attempting to avoid arrest.  Davis asked about his brother's condition.  Officer Hannan responded that he "was okay, but he was hurt a little bit."  During this short exchange, Davis said "You got me," that he belongs in prison because he does things that put him there, that he knew something was up and that he had spotted somebody with a camera taking pictures at the location.   These remarks were not in response to any question asked, or statement made, by any law enforcement official.

Davis was transferred to an interview room where he was read his Miranda rights.  He said he understood his rights but that he did not wish to waive them, refusing to sign the Advice of Rights form.  The officers did not ask Davis any further questions.

Davis remained in the interview room for approximately an hour while the officers completed his booking paperwork.  During that time, Officer Keim entered the interview room to see if the officers there needed any assistance.  When Davis saw Officer Keim, he said, "You cost me 30 years."[2]  When Officers Hannan and Keim transported Davis from the HIDTA office to the Atlanta City Detention Center, Davis said again: "You cost me 30 years."  Officer Keim responded that Davis did it to himself.

On February 11, 2013, Davis filed his Motion to Suppress Statements claiming that the statements he made while in custody were in response to improper questioning and in violation of his Fifth Amendment privilege against self-incrimination.  Davis argues that the show of force by armed officers, the news concerning his brother, and the casual conversations outside the standard booking questions amounted to "interrogation" reasonably likely to elicit an incriminating response.

On April 22, 2013, defendant Jones filed his Motion to Suppress Evidence of Wire Communications.[3]

---

[2] Officer Keim testified that he did not hear Davis make this statement in the interview room.

[3] Jones's motion was nearly identical to the Motion to Suppress Wiretap Evidence [56] filed by Davis.  In ruling on Davis's motion, the Magistrate Judge found that

On August 26, 2013, the Magistrate Judge issued his R&R recommending that Davis's Motion to Suppress Statements and Jones's Motion to Suppress Evidence of Wiretap Communications be denied. In recommending that Davis's Motion to Suppress be denied, the Magistrate Judge found that under the totality of the circumstances, including evidence of Davis's demeanor and the manner in which the statements Davis challenges were made, that the statements were not coerced, were not the result of an interrogation, and were voluntarily offered by Davis. In recommending that Jones's Motion to Suppress be denied, the Magistrate Judge determined that the motion asserts only perfunctory arguments that are manifestly insufficient to enable the court to conclude that he presents a substantial claim.

Davis and Jones did not object to the R&R's findings and conclusions.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate

---

Davis's wiretap suppression motion was deemed abandoned because after he was told the motion asserted "only perfunctory arguments that are manifestly insufficient to enable the court to conclude that [he] present[ed] a substantial claim," Davis failed to perfect the motion within the time frame set by the Court. (R&R [103] at 18 (quoting Order [98] at 3).)

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Analysis

1. *Motion to Suppress Statements*

The Court reviews for plain error the Magistrate Judge's factual findings and recommendation that Davis's Motion to Suppress Statements be denied because Davis's statements were made freely and voluntarily.[4] The Magistrate Judge determined that Davis's statements were not made under threat of force, coercion,

---

[4] The Court, having reviewed for plain error the facts stated in the R&R and finding none, adopts the facts set out in the R&R.

6

as the result of interrogation, or any other conduct reasonably likely to elicit an incriminating response.  The Magistrate Judge thus concluded that Davis's statements were offered voluntarily and not in violation of Davis's Miranda rights, recommending that the motion be denied.  This Court does not find any plain error in this conclusion.  See United States v. Young, 377 F. App'x 965, 969 (11th Cir. 2010) (per curium) ("[A] defendant must show a link between coercion and his statements to establish that he was subjected to the functional equivalent of interrogation"); United States v. Springfield, No. CR406-390, 2007 WL 1140912 at *3 (S.D. Ga. Apr. 13, 2007) (holding that Miranda only applies to statements resulting from "express questioning or its functional equivalent"); United States v. Patterson, No. 1:06-CR-500-1-TWT, 2007 WL 2331080, at *4 (N.D. Ga. Aug. 10, 2007) (holding that, for a confession to be involuntary, it must contain a "substantial element of coercive police conduct").  Davis's Motion to Suppress Statements is denied.

      2.    *Motion to Suppress Evidence of Wire Communications*

The Court also reviews for plain error the factual findings and the recommendation that Jones's Motion to Suppress Evidence of Wire Communications be denied.  The Magistrate Judge found that Jones's motion consisted of generic assertions and conclusory statements regarding alleged

7

deficiencies in the wiretap materials and thus is insufficient as a matter of law. The recommendation was made that the motion be denied.  This Court does not find any plain error in these findings, conclusions, or recommendations.  See see also United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) ("A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented"); United States v. Flores, No. 1:05-cr-558-WSD-JFK, 2007 WL 2904109, at *2 (N.D. Ga. Sept. 27, 2007).  Jones's Motion to Suppress Evidence of Wire Communications is denied.

### III.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [103] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Ricky Davis' Motion to Suppress Statements [57] is **DENIED**.

**IT IS FURTHER ORDERED** that Steven Lamar Jones' Motion to Suppress Evidence of Wire Communications [81] is **DENIED**.

**SO ORDERED** this 7th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE